UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Krystal Jenkins,

*Plaintiff*,

vs.

Vance and Huffman, LLC,

*Defendant*

Case No.:  8:21-cv-2366

JURY TRIAL DEMANDED

COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Krystal Jenkins** ("**Ms. Jenkins**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Vance and Huffman, LLC** ("**Vance & Huffman**"), stating as follows:

PRELIMINARY STATEMENT

1. This is an action brought by Ms. Jenkins against Vance & Huffman for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**"), the *Fair Credit Reporting Act*, 15 U.S.C. §1681, *et seq.* ("**FCRA**"), and the *Florida Consumer Collection Practices Act*, Section 559.55, *et seq.*, Florida Statutes ("**FCCPA**").

JURISDICTION AND VENUE

2. Subject matter jurisdiction for Plaintiff's FDCPA and FCRA claims arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

1

3. This Court has supplemental jurisdiction for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Vance & Huffman is subject to the provisions of the FDCPA, the FCRA and the FCCPA and to the jurisdiction of this Court pursuant to Florida Statute § 48.193 and Fed. R. Civ. P. 4(k).

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because the acts complained of were committed and / or caused by Vance & Huffman within Polk County, which is in the Middle District of Florida.

## PARTIES

6. **Ms. Jenkins** is a natural person residing in Tampa, Hillsborough County, Florida, and a *Consumer* as defined by the FDCPA, 15 U.S.C. § 1692a(3), the FCCPA, Section 559.55(8), Fla. Stat., and the FCRA, 15 U.S.C. §1681a(c).

7. Vance & Huffman is a Virginia limited liability company with a primary business address of **55 Monette Parkway, Suite 100, Smithfield, Virginia.**

8. Vance & Huffman is registered to conduct business in the State of Florida, where its registered agent is **Registered Agent Solutions, Inc., 155 Office Plaza Drive, Tallahassee, FL 32301**.

9. Vance & Huffman does business under the fictitious name 1st Class Agency, which is registered with the Florida Secretary of State.

10. Vance & Huffman is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and the FCCPA, Section 559.55(7), Fla. Stat., in that it uses

postal mail or another instrumentality of commerce, interstate and within the State of Florida, for its business, the principal purposes of which is the collection of debts. Alternatively, it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Vance & Huffman is registered with the Florida Office of Financial Regulation as a *Consumer Collection Agency* ("**CCA**"), holding license number **CCA9903278.**

## FACTUAL ALLEGATIONS

12. Prior to May 2016, Ms. Jenkins financed household items through Tempoe, LLC ("**Tempoe**").

13. Around May 2016, Ms. Jenkins became delinquent on her Tempoe account.

14. Tempoe alleged Ms. Jenkins owed $755.

15. In or around August 2018, Tempoe transferred or otherwise assigned the Debt to Vance & Huffman for collection.

16. Ms. Jenkins paid Vance & Huffman $200 between October 2020 and July 2021, the amount she believed was the remaining balance.

17. As of September 2021, Vance and Huffman claims that Ms. Jenkins owes $555 for the Tempoe account (the "**alleged Debt**" or "**Debt**").

18. The Debt arose from services which were for family, personal, or household purposes, and meets the definition of "debt" under the FDCPA, 15 U.S.C. § 1692a(5) and the FCCPA, Section 559.55(6), Fla. Stat.

19. In September 2018, Vance & Huffman reported the Debt to Experian Information Solutions, Inc. ("**Experian**"), a nationwide *Consumer Credit Reporting Agency* ("**CRA**"), as an unpaid debt in collection.

20. In August 2021, Ms. Jenkins disputed Vance & Huffman's reporting to Experian, stating the Debt was disputed and not owed.

21. Experian, upon receipt of Ms. Jenkins' dispute, sent Vance & Huffman an *Automated Consumer Dispute Verification* ("**ACDV**") request and asked Vance & Huffman to make a reasonable investigation into the dispute.

22. Upon receipt of the ACDV request, Vance & Huffman knew that Ms. Jenkins disputed the Debt.

23. The ACDV was sent via e-OSCAR, an online system used by CRAs to communicate with furnishers of data, such as debt collectors.

24. When responding to an ACDV through e-OSCAR, the person sending the response must electronically sign to confirm as follows:

> [b]y submitting this ACDV, you certify that you have verified the accuracy of the data in compliance with all legal requirements, and your computer and/or manual records will be adjusted to reflect the changes noted.

25. Vance & Huffman returned the ACDV to Experian, verifying it had completed its investigation and that all its information was accurate. **SEE PLAINTIFF'S EXHIBIT A.**

26. However, despite Ms. Jenkins clearly and meritoriously disputing the accuracy of Vance & Huffman' reporting, Vance & Huffman failed to so much as determine its reporting needed to be amended to reflect the data was "disputed by consumer."

27. To report an account as "disputed by consumer," a data furnisher like Suncoast can ensure notice of dispute is included in its reporting simply by reporting a "compliance condition code" ("**CCC**").

28. For example, reporting a CCC of "XB" (shorthand for "consumer disputes account information") tells the CRAs to include notice in the credit file that the consumer disputes the tradeline in any reports sold.

29. Many consumer credit scores, including most versions of FICO, will disregard a tradeline indicating a collection balance if the "XB" compliance condition code is reported by the data furnisher.

30. Thus, Vance & Huffman's failure to include notice of dispute in its reporting of this inaccurate and severely negative tradeline further damaged Ms. Jenkins' credit scores.

31. At no point did Ms. Jenkins indicate, or even imply, to Vance & Huffman that she agreed she owed the debt and no longer disputed it.

32. Thus, Vance & Huffman had no reason to believe the Debt was no longer disputed by Ms. Jenkins.

33. Indeed, Vance & Huffman had every reason to believe the opposite, that Ms. Jenkins actively disputed the debt.

34. Upon information and belief, Vance & Huffman could have easily asked its client, Tempoe, for additional documentation about the Debt it had placed for collection, but did not.

35. No evidence could have been gathered by Vance & Huffman to support the conclusion the Debt was *not* disputed, since Vance & Huffman possessed only evidence suggesting the debt *was* disputed.

36. The failure to update reporting to indicate a debt is disputed can in and of itself violate the FCRA; *see Saunders v. Branch Banking and Trust Co. of VA*, 526 F.3d 142 (4th Cir. 2008).

37. As such, Vance & Huffman's investigation was inherently unreasonable, since any reasonable investigation could not have determined an actively disputed debt should be reported as "disputed."

38. The failure to properly report a disputed debt as disputed creates a concrete injury-in-fact because the failure to disclose this information affects credit scores, meaning Ms. Jenkins suffered "a real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio Recovery Associates*, 889 F. 3d 337, 345 (7th Cir 2018).

39. Reporting a debt to a CRA is an attempt to collect the Debt.

6

40. Vance & Huffman continued to make monthly reports to Experian, including reports in September 2021 and thus engaged in new, post-dispute communications.

41. The September 2021 reports did not disclose the Debt as disputed. **SEE PLAINTIFF'S EXHIBIT A.**

42. Vance & Huffman, as of August 2021, had reason to know the information it was reporting was not accurate.

43. Despite this, Vance & Huffman continued to report the Debt – *sans* notice of dispute – in an attempt to hold Ms. Jenkins' credit report hostage to get her to pay a contested, illegitimate debt, for which Vance & Huffman stood to receive a 40% commission.

44. Vance & Huffman's reports to the CRAs are "communications" as defined by 15 U.S.C. § 1692a(2).

45. Ms. Jenkins has hired the aforementioned law firm to represent her in this matter and is obligated to pay its reasonable fees or has assigned her right to fees and costs to the firm.

## COUNT I
## VIOLATIONS OF THE FDCPA

46. Ms. Jenkins adopts and incorporates paragraphs 1 – 45 as if fully stated herein.

47. Vance & Huffman violated **15 U.S.C. § 1692e and 1692e(10)** in that Vance & Huffman made false representations in an attempt to collect a debt by failing

to report a disputed debt as disputed, and, to the contrary, reported the Debt as non-disputed after receiving notice of dispute.

48. Vance & Huffman violated **15 U.S.C. § 1692e(2)(a)** in that Vance & Huffman made false representations about the character, amount and legal status of a debt by failing to report a disputed debt as disputed, and, to the contrary, reported the Debt as non-disputed after receiving notice of dispute.

49. Vance & Huffman violated **15 U.S.C. § 1692e(8)** in that Vance & Huffman communicated credit information known to be disputed without disclosure of dispute in its reports to Experian in September 2021.

50. Vance & Huffman violated **15 U.S.C. § 1692f** in that Vance & Huffman used unfair means to collect a Debt by intentionally reporting information it knew – or should have known – was false, to damage Ms. Jenkins' credit and attempt to compel her to pay a disputed, illegitimate debt.

51. Vance & Huffman's actions were willful and intentional as it could not have negligently made reports and responded to disputes to the CRAs.

52. Vance & Huffman's actions render Vance & Huffman liable for the above-stated violations of the FDCPA.

**WHEREFORE**, Ms. Jenkins respectfully requests this Honorable Court enter judgment against Vance & Huffman for:

a. Statutory damages of **$1,000** pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FCRA

53.    Ms. Jenkins adopts and incorporates paragraphs 1 – 45 as if fully stated herein.

54.    Vance & Huffman violated **15 U.S.C. § 1681s-2(b)** when it failed to make a reasonable investigation after notice of dispute from a CRA, Experian, since any reasonable investigation would have concluded that Vance & Huffman' reporting was no longer complete or accurate unless modified to include the fact the debt was disputed by the consumer, Ms. Jenkins. Further, Vance & Huffman did not seek to obtain any clarification or additional information from its client, Tempoe.

55.    Vance & Huffman's conduct was willful and intentional, or, alternately, was engaged in with a reckless disregard for the rights of a consumer.

56.    Vance & Huffman is liable under the FCRA to Ms. Jenkins in a statutory amount up to $1,000 *per incident*.

**WHEREFORE,** Ms. Jenkins respectfully requests this honorable Court to enter judgment in her favor, and against Vance & Huffman, for:

    a.    The greater of Ms. Jenkins' actual damages or statutory damages of **$1,000** per incident pursuant to 15 U.S.C. § 1681n(a)(1)(B) or 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2); and,

    c.    Such other relief that this Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FCCPA

57.    Ms. Jenkins adopts and incorporates paragraphs 1 – 45 as if fully stated herein.

58.    Vance & Huffman violated **Section 559.72(5), Florida Statutes**, when it reported the Debt to Experian, a nationwide CRA, with full knowledge that the information it was reporting about the Debt was not accurate, but reported it anyway, in an attempt to collect a disputed debt from Ms. Jenkins.

59.    Vance & Huffman violated **Section 559.72(6), Florida Statutes**, when it reported the Debt to Experian, a nationwide CRA, with full knowledge that the information it was reporting about the Debt was disputed, but failed to include notice of dispute.

60.    Vance & Huffman made its reports to Experian with malice, in an attempt to intentionally harm Ms. Jenkins.

**WHEREFORE,** Ms. Jenkins respectfully requests that this Honorable Court enter judgment against Vance & Huffman, for:

    a.    Statutory damages of **$1,000** pursuant to Section 559.77(2), Florida Statutes;

b. Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to Section 559.77(2), Florida Statutes;

c. Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and

d. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Jenkins hereby demands a jury trial on all issues so triable.

Respectfully submitted **October 7, 2021**, by:

**SERAPH LEGAL, P.A.**

/s/ *Bridget L. Scarangella*
Bridget L. Scarangella, Esq.
Florida Bar No.: 1022866
BScarangella@seraphlegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Attorney for Plaintiff*

**ATTACHED EXHIBITS LIST**
A    Plaintiff's Experian Consumer Disclosure, September 3, 2021, Excerpt